UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RASHID BROWN,

    Plaintiff,

v.                                                  Case No. 2:04-cv-248

                                                  HON. GORDON J. QUIST

MICHAEL KOSKINEN, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from the plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

        Plaintiff complains that there existed no penological justification for his placement in restraints. However, it is clear that plaintiff's placement in restraints was an appropriate response to his behavior. Plaintiff argues that the restraints were placed on him improperly and too tightly. However, defendants have shown that the restraints were monitored closely by health care staff. Plaintiff argues that he should be allowed discovery to prove his claims. However, the factual record shows that plaintiff was properly placed in restraints due to his conduct which necessitated some form of restraint. Similarly, plaintiff's equal protection claim fails because plaintiff cannot show that defendants violated plaintiff's rights.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.  Defendant Baril is dismissed from this action for failure to prosecute.  Plaintiff's motion for default judgment against defendant Hares (docket #76) is denied and defendant Hares' motion to join co-defendants' motions and responses (docket #93) is granted.  Defendants' motion to dismiss (docket #45) is denied, plaintiff's motion to strike (docket #51) is granted, plaintiff's motion for sanctions (docket #56) is denied, and defendants' motion for summary judgment (docket #22) is granted, dismissing this case in its entirety.  Plaintiff's motions to strike (docket #30), for a continuance (docket #37), for disclosure (docket #42), for order for exhibits (docket #43), and to amend (docket #40 and #65) are denied.  Plaintiff's motion to supplement his pleading to add "Fed. R. Civ. P. 72(b)" (docket #99) is granted.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

Dated:  November 30, 2005              /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE